IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OTTO BARBOUR,                        :    CRIMINAL ACTION
                                     :    NO. 00-419-07
          Petitioner,                :
                                     :    CIVIL ACTION
     v.                              :    NO. 11-280
                                     :
UNITED STATES OF AMERICA,            :
                                     :
          Respondent.                :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          October 14, 2011


        Otto Barbour ("Petitioner") is a federal prisoner
incarcerated at FCI-Allenwood Medium. Petitioner filed a motion
under 28 U.S.C. § 2255 seeking a correction of his sentence and
reversal of his conviction.[1] The Court must decide whether the
exercise of a peremptory challenge to exclude an African-
American juror by Petitioner's counsel violated the Equal
Protection Clause and whether Petitioner was denied effective
assistance of counsel in violation of the Sixth Amendment. For
the reasons set forth below, the Court answers both questions in
the negative and will deny Petitioner's motion.

---

        [1]    Petitioner has also filed a Motion to Modify Sentence
Pursuant to 18 U.S.C. § 3582(c)(2). Doc. no. 666. That motion is
not at issue here.

I.    **BACKGROUND**

On December 20, 2000, a jury convicted Petitioner of conspiracy to distribute more than fifty grams of crack in violation of 21 U.S.C. § 846 ("Count One"), distribution of crack in violation of 21 U.S.C. § 841 ("Count Seven"), and distribution of crack within 1,000 feet of a public housing project in violation of 21 U.S.C. § 860 ("Count Fourteen"). Doc. no. 203. This Court granted Petitioner's post-trial motion for a judgment of acquittal on Count 1. Doc. no. 251. On September 5, 2001, the Court sentenced Petitioner to 235 months imprisonment, a 6-year term of supervised release, and a special assessment of $200.[2]

_____

[2]    The Court determined that Petitioner was a career offender under the Sentencing Guidelines. Accordingly, Petitioner's offense level was 34 with criminal history category of VI. The resulting Guidelines range was 262 to 320 months imprisonment. As the Government noted, the Guidelines range was based on Petitioner's criminal history and maximum statutory sentence, not the drug quantity or relevant conduct. See Response at 2, doc. no. 668. The Court granted a downward departure, treating Petitioner as having a criminal history category of V, and instead imposed a concurrent sentence of 235 months. Doc. no. 356.

Following Petitioner's direct appeals,[3] the case returned to this Court for re-sentencing. The Court ultimately sentenced Petitioner to 187 months incarceration, 6 years of supervised release, and a $200 special assessment.

Petitioner again appealed the sentence up the chain of federal courts. The Third Circuit affirmed the 187-month sentence. See United States v. Barbour, 286 F.App'x 802, 803 (3d Cir. 2008). And the Supreme Court denied certiorari. Barbour v. United States, 130 S. Ct. 309, 310 (2009). Petitioner's judgment became final on January 11, 2010, when the Supreme Court denied a rehearing. Barbour v. United States, 130 S. Ct. 1126 (2010). On January 8, 2011, Petitioner timely filed a motion for relief pursuant to 28 U.S.C. § 2255 (2006).[4]

---

[3]    The Third Circuit affirmed the September 5, 2001 sentence. United States v. Phillips, 349 F.3d 138, 143 (3d Cir. 2003). The U.S. Supreme Court vacated and remanded for consideration in light of its decision in United States v. Booker, 543 U.S. 220 (2005). See Barbour v. United States, 543 U.S. 1102 (2005). The Third Circuit reaffirmed Petitioner's conviction and remanded for re-sentencing consistent with Booker. United States v. Barbour, 132 F.App'x 409, 410 (3d Cir. 2005).

[4]    Petitioner originally filed a Section 2255 motion on January 8, 2011 without using this Court's standard form. See doc. no. 661. On January 24, 2011, the Court ordered the Clerk of Court to furnish Petitioner with this Court's standard form for filing a Section 2255 motion. Doc. no. 662. On February 21, 2011, Petitioner filed the proper form, which the Court will

Petitioner asserted four grounds for relief: (1) that Petitioner's counsel exercised a peremptory challenge in violation of the Equal Protection Clause; (2) that Petitioner was deprived of effective assistance of counsel on appeal; (3) that Petitioner was deprived of effective assistance of counsel at trial; and (4) that Petitioner was deprived of effective assistance of counsel on remand. Doc. no. 663. The Court will deny Petitioner's equal protection and ineffective assistance of counsel claims and not issue a certificate of appealability.

**II. DISCUSSION**

A federal prisoner claiming a right to be released based on a violation of the U.S. Constitution or laws of the United States may move the court that imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255. In a Section 2255 motion, a federal prisoner may attack his sentence on any of the following grounds: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of

refer to as "the Section 2255 Motion." As ordered by the Court, the Government filed a response on April 6, 2011. Doc. no. 668. And on May 6, 2011, Petitioner filed a motion in opposition to the Government's response. Doc. no. 672.

the constitutional rights of the prisoner as to render the
judgment vulnerable to collateral attack." See id. § 2255(b).

       The four grounds for relief raised by Petitioner here
all assert infringement of Petitioner's constitutional rights.
The Court will first consider Petitioner's equal protection
claim. Next, the Court will consider all of Petitioner's
ineffective assistance of counsel claims. Upon review of
Petitioner's motion, the Government's response, Petitioner's
opposition, and the record, it plainly appears that Petitioner
is not entitled to relief. Therefore, the Court will deny the
Section 2255 Motion without a hearing.

A.   Standard of Review

       A petitioner is entitled to an evidentiary hearing as
to the merits of his claim unless it is clear from the record
that he is not entitled to relief.[5] And the Court must dismiss

---

    [5]    Section 2255 provides,

> Unless the motion and the files and records of the
> case conclusively show that the prisoner is entitled
> to no relief, the court shall cause notice thereof to
> be served upon the United States attorney, grant a
> prompt hearing thereon, determine the issues and make
> findings of fact and conclusions of law with respect
> thereto.

28 U.S.C. § 2255(b).

the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. Governing § 2255 Proceedings for the U.S. District Courts 4(b)[hereinafter "Section 2255 Rule"].

A prisoner's pro se pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). And a federal prisoner's grounds for relief are not subject to the exhaustion requirement applicable to federal habeas petitions.[6] See 28 U.S.C. § 2254(b)(1)(A).

B.   Petitioner's Counsel did not Violate the Equal Protection Clause in Excluding an African-American from the Jury.

In Ground One, Petitioner alleges that his counsel's use of a peremptory strike of an elderly African-American member of the venire panel violated his rights under the Equal

---

[6]   Of Course, a Section 2255 motion is not an application for writ of habeas corpus, see United States v. Hayman, 342 U.S. 205, 220 (1952), but rather "replaced traditional habeas corpus for federal prisoners (at least in the first instance)," Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also 28 U.S.C § 2255(e).

Protection Clause.[7]

The use of peremptory challenges to strike jurors solely based on race is a violation of equal protection. E.g., Batson v. Kentucky, 476 U.S. 79, 85 (1986). Traditionally, a defendant raises a Batson challenge by alleging that a prosecutor exercised a peremptory challenge solely based on race. Id. However, a defendant's exercise of peremptory challenges solely based on race, too, is a violation of equal protection. See Georgia v. McCollum, 505 U.S. 57, 48-55 (1992). This has sometimes been referred to as a "reverse-Batson challenge." See Coombs v. Diguglielmo, 616 F.3d 255, 257 (3d Cir. 2010). Defendant shoulders the burden to "'allege[] discriminatory selection of the venire to prove the existence of purposeful discrimination.'" See id. at 261 (quoting Batson, 476

---

[7]      Properly understood, Petitioner's challenge concerns his rights under the equal protection component of the Due Process Clause of the Fifth Amendment. Respondent treated Ground One as a claim of ineffective assistance of counsel. However, only the Equal Protection Clause is referred to in Ground One of Petitioner's Section 2255 Motion. Therefore, Petitioner's claim will be analyzed as an equal protection claim. Because Petitioner plainly does not have a claim that his counsel exercised a peremptory challenge on the basis of race, the Court will not address whether his trial counsel's allegedly discriminatory exercise of a peremptory challenge could form the basis of an ineffective assistance claim. See Winston v. Boatwright, 649 F.3d 618, 630-31 (7th Cir. 2011) (evaluating defense counsel's decision to strike jurors based on gender as claim of ineffective assistance of counsel).

U.S. at 92).

Under a three-step inquiry established by Batson,
Defendant must first make a prima facie showing that counsel
exercised a peremptory challenge solely based on race. See,
e.g., Lark v. Sec'y Pa. Dep't of Corr., 645 F.3d 596, 618 (3d
Cir. 2011). Next, the burden shifts to counsel to present a
race-neutral explanation for striking the juror in question. Id.
Finally, the Court must determine whether counsel's strike
amounted to purposeful discrimination in violation of the
defendant's equal protection. Id. Petitioner has failed to make
out a prima facie case of purposeful discrimination.

Petitioner states in his Section 2255 Motion that his
counsel "blatantly disregarded" his request to retain the
potential juror and, when questioned by the Court, his counsel
provided a discriminatory reason for exercising the challenge.
Section 2255 Mot. 6. In his Section 2255 Motion, Petitioner
claims that his trial counsel struck an African-American juror
against Petitioner's request, not that his counsel struck the
African-American juror on the basis of race. But in his Motion
in Opposition, Petitioner states, "Petitioner contends that a
prima facie showing of purposeful racial discrimination in the
selection of the jury based solely on evidence concerning the

8

prosecutor/counselor's exercise of peremptory challenge at petitioner's trial." Pet'r's Mot. in Opp'n 1.

The only evidence that Petitioner brings comes in his Motion in Opposition, where he alleges his counsel stated "he felt as though she (the african american juror) would sabotage the remaining jurors and thus, the entire proceedings." Id. at 2. Petitioner failed to provide any citation to the record for this statement, much less does the statement indicate that counsel's decision was solely based on race. In fact, the transcript of the Court's hearing on this issue at Petitioner's trial directly contradicts his contention.

During voir dire, and in response to counsel's concern that Juror No. 2, the African-American juror at issue here, had a relationship with the Philadelphia Police Department, the Court questioned Juror No. 2 regarding her relationship with the police. Transcript of Record at 7, United States v. Johnson, et al., No. 00-419 (E.D. Pa. Dec. 12, 2000). Juror No. 2 responded, "I have a cousin, she doesn't live very far from me. I also have another family member there, a State Trooper, and I have friends and associates that work for the Police Department. And, well, after I thought about it last night, in the prison system." Id. at 8. Juror No. 2 also provided that the relationships she

9

mentioned would not interfere with her ability to be fair and impartial in the case. Id.

During a post-trial hearing on Petitioner's motion for a new trial, the Court heard testimony from Petitioner's trial counsel and from Petitioner on their decision to strike Juror No. 2. The Court found as follows:

> I find on this record that Mr. Greenberg [Petitioner's trial counsel] conferred with his co-counsel, that a decision was made to strike this particular juror. Apparently the juror had police officers in her family, that the matter was brought to the attention of Mr. Barbour and that Mr. Barbour had agreed to it, and I believe that Mr. Barbour's recollection is not accurate, but again, I'm not treating this as ineffective assistance. I'm treating this as a matter of a motion for a new trial, and those are, however, my findings of facts concerning what occurred in this case.

Transcript of Record at 18-19, United States v. Johnson, et al., No. 00-419 (E.D. Pa. Mar. 5, 2001).

The evidence here in no way suggests that Petitioner's counsel struck Juror No. 2 based on race. The record is clear: Petitioner's counsel struck Juror No. 2 because of her ties to the Philadelphia Police Department, not based on her race. Upon review of the Section 2255 Motion, the pleadings, and the trial transcripts, it plainly appears that Petitioner is not entitled to relief on Ground One.

C.   Petitioner was Not Denied Effective Assistance of Counsel in Violation of the Sixth Amendment.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. E.g., Strickland v. Washington, 466 U.S. 668, 686 (1984). To warrant reversal of a conviction, a convicted defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. Id. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008). The principles governing ineffective assistance claims under the Sixth Amendment apply in collateral proceedings attacking a prisoner's sentence. See Strickland, 466 U.S. at 697-98.

To prove deficient performance, a convicted defendant must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The Court will consider whether counsel's performance was reasonable under all the circumstances. Id. Furthermore, the Court's "scrutiny of counsel's performance must be highly deferential." See id. at 689. That is, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In raising an ineffective assistance claim, the defendant must first identify the acts or omissions alleged not to be the result of "reasonable professional judgment." Id. at

11

690. Next, the court must determine whether those acts or
omissions fall outside of the "wide range of professionally
competent assistance." Id. at 690. All of Petitioner's
ineffective assistance claims fail because Petitioner has failed
to show his counsel's performance was deficient.[8]

     1.   Grounds Two and Four

     The Sixth Amendment does not require appellate counsel
who files a merits brief to raise every non-frivolous claim on
appeal but may instead assert only some of the non-frivolous
claims to increase the likelihood of success on appeal. See,
e.g., Jones v. Barnes, 463 U.S. 745, 751-53 (1983); Sistrunk v.
Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). "'Generally, only when
the ignored issues are clearly stronger than those presented,
will the presumption of effective assistance of counsel be
overcome.'" Smith v. Robbins, 528 U.S. 259, 288 (2000) (quoting
Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). "[A]s a
general matter, it is not inappropriate for counsel, after
consultation with the client, to override the wishes of the
client when exercising professional judgment regarding 'non-

---

     [8]    Because Petitioner failed to show his counsel's
performance was deficient, the Court will not reach whether
Petitioner suffered prejudice.

fundamental' issues." <u>Sistrunk</u>, 96 F.3d at 670.

In Ground Two, Petitioner claims that counsel failed to raise a colorable claim on appeal.[9] Petitioner has not provided any evidence showing that the arguments raised in his proposed supplemental brief were not already addressed in his appellate counsel's brief. Furthermore, even assuming that appellate counsel ignored Petitioner's arguments, Petitioner has failed to overcome the presumption of effective assistance by showing that the ignored issues are clearly stronger than those presented. Therefore, it plainly appears from Petitioner's motion, attachments, and pleadings that he is not entitled to relief on Ground Two.

In Ground Four, Petitioner claims that counsel[10] failed

---

[9]   To support his claim, Petitioner alleges that,

On April 12, 2002 at 8:10 A.M. Defendant apprised counsel he would be forwarding supplemental brief to be amended to original brief by way of certified mail. Subsequently the Court of Appeals denied brief without reviewing claims submitted to counsel. See attachments.

Section 1255 Mot. 7. Furthermore, in his Opposition to the Government's Response, Petitioner claims that his appellate counsel's refusal to amend the appellate brief deprived him of effective assistance. Pet'r's Mot. in Opp'n 7.

[10]   On October 24, 2005, this Court appointed Counselor Caglia in Petitioner's case. Doc. no. 503.

to amend a brief on remand in light of Supreme Court precedent.
To support his claim, Petitioner alleges that,

> Defendant corresponded with counsel of record (Dennis
> P. Caglia) after being resentenced on appeal in the
> month of December 2007. Counsel provided defendant
> with copies of recent Supreme Court rulings which had
> an adverse effect upon Defendant's direct appeal.
> Defendant requested counsel to amend appellant brief
> in light of controlling precedent. Counsel upbruptly
> [sic] stated "For the amount of money I received for
> working on your case I will not be submitting anything
> further to the Court in my behalf."

Section 2255 Mot. 10.

First, it would not appear that Counsel's alleged
refusal to file "anything further" to the Court was taken
seriously. Indeed, Counselor Caglia continued to represent
Petitioner in his appeal of this Court's resentencing in the
Third Circuit, filing a brief challenging the reasonableness of
this Court's sentence on February 26, 2007.[11] In his Opposition
to the Government's Response, Petitioner alleges that Counselor
Caglia failed to incorporate Kimbrough v. United States, 552
U.S. 85 (2007) (allowing district court discretion in sentencing
regarding crack cocaine/powder cocaine disparity). But this

---

[11]    Counselor Caglia withdrew as counsel to allow
Petitioner to proceed pro se on August 21, 2008. See United
States v. Barbour, No. 05-4299 (3d Cir. Sep. 15, 2008) (order
granting withdrawal).

14

allegation is not sufficient to overcome the presumption of effective assistance by showing that the ignored issues are clearly stronger than those presented. Indeed, the Court exercised discretion in resentencing Petitioner by applying a sentence below the Guidelines recommendation. Furthermore, it was within Counselor Caglia's reasoned professional judgment to limit the arguments made on appeal. See Jones 463 U.S. at 751. Therefore, it plainly appears from Petitioner's motion, attachments, and pleadings that he is not entitled to relief on Ground Four.

### 2.   Ground Three

In Ground Three, Petitioner claims that his counsel was ineffective based on counsel's trial strategy. Specifically, Petitioner points to counsel's failure to obtain a forensic chemist and failure to challenge the Government's "career offender" claim in the Presentence Investigation Report because the issue was frivolous. Section 2255 Mot. 9.

"[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). A defendant rebuts this

15

presumption by showing either that his counsel's "conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound." Thomas v. Varner, 428 F.3d 491, 499-500 (3d Cir. 2005). When the record does not disclose counsel's actual strategy—for example, based on a lack of diligence on the part of the defendant—the presumption may only be rebutted by a "showing that no sound strategy . . . could have supported the conduct." Id. at 500.

Under either standard, Petitioner has failed to overcome the presumption that his trial counsel's conduct was part of a sound trial strategy. Petitioner failed to show that his counsel's actions were based on an inadequate investigation or consideration of the law or that his counsel's strategy was unsound. Indeed, counsel's failure to secure a forensic chemist was appropriate given that Petitioner stipulated, along with four other defendants, that the drugs seized were crack. See Government's Resp. to Pet'r's Mot. Attach. C. Furthermore, Petitioner provides no reason that his counsel should have challenged the Government's finding that he was a career offender under the Sentencing Guidelines. Therefore, it plainly appears from Petitioner's motion, attachments, and pleadings that he is not entitled to relief on Ground Three.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a Section 2255 motion, the Court must also decide whether to issue or deny a Certificate of Appealability ("COA"). See Section 2255 R. 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The U.S. Supreme Court has prescribed the following standard for denials based on the merits:

> The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, an evidentiary hearing is not required because it plainly appears that Petitioner is not entitled to relief on any of the grounds raised. For the same reasons, Petitioner is also not entitled to a COA because he has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a COA.

## IV.  CONCLUSION

For the reasons set forth above, the Section 2255 Motion will be denied and a Certificate of Appealability will

17

not issue. An appropriate order will follow.